IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., ) | Case No. 11-1151 SC |
| ) | |
| Plaintiff, ) | ORDER GRANTING PLAINTIFF'S |
| ) | MOTION TO STRIKE |
| v. ) | |
| ) | |
| MELINDA J. VIZCARRA and RICARDO ) | |
| VIZCARRA, individually and d/b/a ) | |
| KA LINDA RESTAURANT, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## I. INTRODUCTION

This matter comes before the Court on the Motion to Strike Defendants' Affirmative Defenses brought by Plaintiff J & J Sports Productions, Inc. ("Plaintiff") against Defendants Melinda J. Vizcarra and Ricardo Vizcarra, individually and d/b/a Ka Linda Restaurant (collectively, "Defendants"). ECF No. 13 ("MTS"). Defendants, proceeding pro se, filed an Opposition over seven weeks after the deadline set by Civil Local Rule 7-3(a). ECF No. 14 ("Opp'n").[1] Plaintiff filed a Reply. ECF No. 16 ("Reply"). Pursuant to Civil Local Rule 7-1(b), the Court finds the Motion suitable for determination without oral argument. For the

---

[1] Plaintiff asks the Court to strike Defendants' Opposition because of its excessive tardiness. Reply at 2. The Court grants Plaintiff's request and disregards the Opposition. However, because the Opposition does not present a coherent response to Plaintiff's Motion, the Court's decision to disregard it does not affect its ruling on the Motion.

following reasons, the Court GRANTS Plaintiff's Motion.

**II. BACKGROUND**

Plaintiff alleges that it owns exclusive nationwide commercial distribution rights to "'The Event': The Manny Pacquiao v. Joshua Clottey, WBO Welterweight Championship Fight Program, IBO Light Welterweight Championship Fight Program," a March 13, 2010 closed-circuit telecast of boxing matches and commentary ("the Program"). ECF No. 1 ("Compl.") ¶ 10. Plaintiff alleges that pursuant to the contract granting Plaintiff exclusive distribution rights, Plaintiff entered into sub-licensing agreements with various commercial establishments to permit the public exhibition of the Program. Id. ¶ 11. Plaintiff alleges that, without authorization from Plaintiff, Defendants unlawfully intercepted and exhibited the Program at their restaurant, Ka Linda, located at 31834 Alvarado Blvd., Union City, California. Id. ¶ 13. On March 10, 2011, Plaintiff filed this action, asserting four claims against Defendants: (1) violation of 47 U.S.C. Section 605, unauthorized publication or use of communications; (2) violation of 47 U.S.C. Section 553, unauthorized reception of cable service; (3) conversion; and (4) violation of California Business and Professions Code Section 17200, et seq. Id.

On June 13, 2011, Defendants filed an Answer denying all claims. ECF No. 12 ("Answer"). Defendants allege that they purchased the program from Direct TV. Answer ¶ 1. The Answer includes five affirmative defenses: lack of standing; failure to state a cause of action; laches; unclean hands; and indemnity. Id. ¶¶ 17-21. In response, Plaintiff filed the present Motion to

2

strike all five affirmative defenses, pursuant to Federal Rule of Civil Procedure 12(f).

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that a court may, on its own or on a motion, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A defense may be insufficient as a matter of pleading or as a matter of law. Security People, Inc. v. Classic Woodworking, LLC, No. C-04-3133 MMC, 2005 WL 645592, at *2 (N.D. Cal. Mar. 4, 2005). An insufficiently pled defense fails to comply with Rule 8 pleading requirements by not providing "plaintiff fair notice of the nature of the defense" and the grounds upon which it rests. Wyshak v. City Nat'l Bank, 607 F.2d 824, 827 (9th Cir. 1979).

Motions to strike are generally disfavored. Rosales v. Citibank, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001). In most cases, a motion to strike should not be granted unless "the matter to be stricken clearly could have no possible bearing on the subject of the litigation." Platte Anchor Bolt, Inc. v. IHI, Inc., 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004). However, if a pleading is deficient, the Court may strike the pleading and require the non-moving party to submit an amended pleading which includes more specific allegations. Williams v. California 1st Bank, 859 F.2d 664, 665 (9th Cir. 1988). When a defense is stricken, "leave to amend should be freely given" so long as no prejudice results against the opposing party. Wyshak, 607 F.2d at 826.

In addition to the above standards, this Court applies a lenient standard to documents filed by pro se litigants. "A document filed pro se is to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation omitted). Accordingly, this Court considers Plaintiff's Motion under generally applicable standards, while liberally construing Defendants' affirmative defenses.

**IV. DISCUSSION**

Plaintiff argues that Defendants' affirmative defenses should be stricken because they are not pled with the requisite specificity to provide fair notice, they fail as a matter of law, or they are not affirmative defenses at all. The Court addresses each affirmative defense in turn.

**A. First Affirmative Defense**

In their first affirmative defense, Defendants allege that Plaintiff lacks standing to bring the instant suit. Answer ¶¶ 1, 17. Defendants allege that they purchased the Program from Direct TV and, therefore, any violation relating to Defendants' exhibition of the Program is a claim that belongs to Direct TV, not to Plaintiff. Id. Plaintiff argues that this defense is insufficient as a matter of law. Mot. at 5. The Court agrees. Defendants' lack of standing defense is not an affirmative defense at all.

"Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true. In contrast, denials of the allegations in the complaint or allegations that the Plaintiff cannot prove the elements of his

4

claims are not affirmative defenses." G & G Closed Circuit Events, LLC v. Nguyen, No. 10-CV-00168, 2010 WL 3749284, at *5 (N.D. Cal. Sept. 23, 2010). "In every civil case, the defendant bears the burden of proof as to each element of an affirmative defense." Tovar v. United States Postal Serv., 3 F.3d 1271, 1284 (9th Cir. 1993). Because a plaintiff must plead and ultimately prove standing, lack of standing "is not an affirmative defense under federal law." Native Am. Arts, Inc. v. The Waldron Corp., 253 F. Supp. 2d 1041, 1045 (N.D. Ill. 2003).

Accordingly, the Court strikes Plaintiff's first affirmative defense with prejudice because it is not an affirmative defense. However, the Court's ruling does not preclude Defendants from asserting its claim that it lawfully purchased the Program from Direct TV as an ordinary defense to liability at trial.

**B.  Second and Fifth Affirmative Defenses**

Plaintiff argues that Defendants' second affirmative defense, which alleges failure to state a claim, and fifth affirmative defense, which alleges Defendants are entitled to indemnity from Direct TV, are also not affirmative defenses. Again, the Court agrees.

Defendants' second affirmative defense states "[t]he complaint is barred by plaintiff's failure to state a cause of action against defendants." Answer ¶ 18. "Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [the plaintiff's] prima facie case." J & J Sports v. Mendoza-Govan, 2011 U.S. Dist. LEXIS 47075, *14 (N.D. Cal. Apr. 25, 2011).

Defendants' fifth affirmative defense states that "[i]f any liability exists on the part of defendant to plaintiff, such

5

liability is to be completely indemnified by Direct TV." Answer ¶ 21. Indemnification is not an affirmative defense, "but rather a claim that must be pleaded and proved." <u>Norddeutscher Lloyd v. JonesStevedoring Co.</u>, 490 F.2d 648, 650 (9th Cir. 1973). If Defendants believe they are entitled to indemnification by Direct TV, then they must bring an action against Direct TV.

Accordingly, the Court strikes Defendants' second and fifth affirmative defenses with prejudice.

### C. Third and Fourth Affirmative Defenses

Defendants' third affirmative defense alleges that "[t]he claim is barred in whole or in part by laches." Answer ¶ 19. No further details are provided. Similarly, Defendants' fourth affirmative defense merely states "[t]he complaint is barred in whole or in part by plaintiff's unclean hands." <u>Id.</u> 20.

As Plaintiff notes, these defenses are insufficient "bare-bones" assertions that do not provide the fair notice required by Rule 8. Mot. at 6-7. Defendants' references to the equitable defenses of laches and unclean hands are insufficiently pled because Defendants allege no supporting facts whatsoever explaining how the doctrines apply to Plaintiff. <u>Qarbon.com, Inc. v. eHelp Corp.</u>, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) ("A reference to a doctrine, like a reference to statutory provisions, is insufficient notice."); <u>G & G Closed Circuit Events, LLC v. Nguyen</u>, No. 10-CV-00168, 2010 WL 3749284, at *3 (N.D. Cal. Sept. 23, 2010) (striking the affirmative defenses of "waiver" and "estoppel doctrine" as insufficient because they "each amount[] to the bare statement of a legal doctrine lacking any articulated connection to the claims in this case"). Defendants do not identify any conduct

6

by Plaintiffs amounting to "unclean hands," nor do they articulate how Plaintiff has engaged in unreasonable delay that has prejudiced Defendants. See Kling v. Hallmark Cards, Inc., 225 F.3d 1030, 1036 (9th Cir. 2000) (to establish laches, defendant must prove unreasonable delay and prejudice).

Accordingly, Defendants' third and fourth affirmative defenses are dismissed, with leave to amend, as insufficiently pled.

## V. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion to Strike filed by Plaintiff J & J Sports Productions, Inc. against Defendants Melinda J. Vizcarra and Ricardo Vizcarra. The Court STRIKES Defendants' first, second, and fifth affirmative defenses WITHOUT LEAVE TO AMEND. The Court STRIKES Defendants' third and fourth affirmative defenses -- laches and unclean hands -- WITH LEAVE TO AMEND. If Defendants wish to amend these two affirmative defenses, they shall file an Amended Answer within thirty (30) days of this Order. If they have not filed an Amended Answer setting forth particular facts in support of their laches and unclean hands defenses within thirty (30) days, those defenses will be deemed STRICKEN WITH PREJUDICE.

The Case Management Conference set for December 16, 2011 remains as scheduled.

IT IS SO ORDERED.

Dated: September 27, 2011

UNITED STATES DISTRICT JUDGE