**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

J&J SPORTS PRODUCTIONS, INC.,        )   Case No. 11-1151 SC
                                     )
            Plaintiff,               )   ORDER GRANTING IN PART AND
                                     )   DENYING IN PART PLAINTIFF'S
      v.                             )   MOTION TO STRIKE
                                     )
MELINDA J. VIZCARRA and RICARDO      )
VIZCARRA, individually and d/b/a     )
KA LINDA RESTAURANT,                 )
                                     )
            Defendants.              )
                                     )
_____)

I.   **INTRODUCTION**

     This matter comes before the Court on the Motion to Strike
Defendants' Amended Answer and Affirmative Defenses brought by
Plaintiff J & J Sports Productions, Inc. ("Plaintiff") against
Defendants Melinda J. Vizcarra and Ricardo Vizcarra, individually
and d/b/a Ka Linda Restaurant (collectively, "Defendants").  ECF
No. 23 ("MTS").  Pursuant to Civil Local Rule 7-1(b), the Court
finds the Motion suitable for determination without oral argument.
For the reasons set forth below, the Court GRANTS Plaintiff's
Motion in part and DENIES it in part with respect to the Amended
Answer, and GRANTS Plaintiff's Motion with respect to both
affirmative defenses.
///

II.   **BACKGROUND**

On March 10, 2011, Plaintiff filed a Complaint alleging that it owned exclusive nationwide commercial distribution (closed-circuit) rights for a boxing match televised in 2010 ("Program") and that Defendants had unlawfully exhibited the Program at Defendants' restaurant. See ECF No. 1 ("Compl.") ¶¶ 10-13. Defendants, proceeding pro se, timely filed an Answer in which they asserted five affirmative defenses. ECF No. 12 ("Answer"). Plaintiff moved to strike all five. ECF No. 13 ("First MTS").

After the First MTS had been fully briefed (ECF Nos. 14 & 16), but before the Court ruled on it, Defendants retained counsel. See ECF No. 18. A few days later, this Court ruled on the First MTS, granting Plaintiff's motion. ECF No. 21 ("Order"). The Court struck from the initial Answer all five affirmative defenses but gave Defendants leave to amend two of them, laches and unclean hands. Order at 7. The Order stated:

> If Defendants wish to amend these two affirmative defenses, they shall file an Amended Answer within thirty (30) days of this Order. If they have not filed an Amended Answer setting forth particular facts in support of their laches and unclean hands defenses within thirty (30) days, those defenses will be deemed STRICKEN WITH PREJUDICE.

Id.

Defendants, now appearing through counsel, filed an Amended Answer on September 30, 2011, three days after the Court's Order. ECF No. 22 ("Am. Answer"). The Amended Answer differed from the initial Answer in several respects. In addition to modifying their laches and unclean hands defenses, Defendants, through counsel, entirely rewrote the Answer to include a demand for a jury trial,

**United States District Court**
For the Northern District of California

Am. Ans. at 3, and a series of denials, Am. Ans. at 1.  These

denials consisted of: two general denials; assertions of

insufficient information to respond; specific denials; and a

statement denying everything "[e]xcept as expressly admitted

herein."  Am. Ans. at 1, ¶¶ 1-4.  The amended pleading, despite its

reference to express admissions, contained none.[1]

On October 14, 2011, Plaintiff filed the instant Motion to

Strike Defendants' entire Amended Answer, including the laches and

unclean hands defenses, pursuant to Federal Rule of Civil Procedure

12(f).

## III. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 12(f) provides that a court

may, on its own or on a motion, "strike from a pleading an

insufficient defense or any redundant, immaterial, impertinent, or

scandalous matter."

A defense may be insufficient as a matter of pleading or as a

matter of law.  <u>Sec. People, Inc. v. Classic Woodworking, LLC</u>, No.

C-04-3133 MMC, 2005 WL 645592, at *2 (N.D. Cal., Mar. 4, 2005).  A

defense is insufficient as a matter of pleading if it fails to

"give[] plaintiff fair notice of the defense" and the grounds upon

which it rests.  <u>Simmons v. Navajo Cty.</u>, 609 F.3d 1011, 1023 (9th

Cir. 2010) (quoting <u>Wyshak v. City Nat'l Bank</u>, 607 F.2d 824, 827

(9th Cir. 1979)).  If a defense is insufficient as a matter of

pleading, a district court should give the pleader leave to amend

///

[1] The original Answer admitted that Defendants "are individuals and a corporation doing business as Ka Linda Restaurant . . . ." <u>Compare</u> Answer ¶ 2 <u>with</u> Am. Answer ¶¶ 1-4.

*United States District Court*
*For the Northern District of California*

1  unless doing so would result in prejudice to the other party.

2  Wyshak, 607 F.2d at 826.

3      A defense is insufficient as a matter of law if it "would not,

4  under the facts alleged, constitute a valid defense to the action .

5  . . ." Sec. People, 2005 WL 645592, at *3.  If a defense is

6  legally insufficient, it "can and should be" stricken.  Id.

7

8  **IV.  DISCUSSION**

9      Plaintiff argues that Defendants' Amended Answer must be

10 struck because (1) it is not properly before this Court and (2) it

11 is defective under the Federal Rules of Civil Procedure

12 (hereinafter, "the Rules" or, individually, "Rule").  Plaintiff

13 also argues that both of Defendants' affirmative defenses continue

14 to be insufficient and therefore must be struck.

15     **A.   Amended Answer**

16     Plaintiff moves to strike Defendants' Amended Answer on two

17 grounds.  First, Plaintiff argues that the Amended Answer is not

18 properly before the Court because Defendants failed to comply with

19 Rule 15's provision that parties may amend their pleadings "only

20 with the opposing party's written consent or the court's leave."

21 MTS at 4.  Second, Plaintiff argues, in essence, that because the

22 Amended Answer contains both general and specific denials of the

23 Complaint's allegations it is incurably defective and must be

24 struck in its entirety.  MTS at 4-6.

25     Defendants do not supply a coherent response.  Unhelpfully,

26 they discuss Rule 8(d)'s authorization of inconsistent legal claims

27 and defenses.  See Opp'n at 3.  However, as Plaintiff observes,

28 Reply at 3-4, Rule 8(d) is simply inapplicable here.  Rule 8(d)

4

addresses inconsistent "claims and defenses" of law, but at issue in Plaintiff's motion is the inconsistency of Defendants' admissions and denials of fact.  Defendants, in short, respond to an argument Plaintiff has not made.

Nevertheless, Defendants being wrong does not make Plaintiff right.  The Court is not persuaded by Plaintiff's argument that the Amended Answer is not properly before this Court.  Rule 15(a)(1) permits a party to amend a pleading once as a matter of course within certain time limits; Rule 15(a)(2) permits other amendments "with the opposing party's written consent or the court's leave." Plaintiff acknowledges that the Court gave Defendants leave to amend their Answer, but argues that Defendants exceeded the scope of the Court's leave by amending portions of the pleading other than those relating to affirmative defenses.  MTS at 4.  Plaintiff reasons that Defendants must have been amending as a matter of course, but outside the time limits imposed by Rule 15, and that their entire pleading is therefore untimely and must be struck. Id.

However, the Court's previous Order may fairly be read to permit amendment of what Plaintiff calls the "Answer proper."[2] That Order did not expressly limit Defendants to amending solely those paragraphs containing Defendants' affirmative defenses.  See Order at 7 ("If Defendants wish to amend these two affirmative defenses, they shall file an Amended Answer within thirty (30) days of this Order.").  Plaintiff cites no authority that would require

---

[2] Plaintiff defines the "Answer proper" as "that portion of the pleading that responds to the numbered paragraphs of Plaintiff's Complaint," and distinguishes it from the portion of the pleading containing Defendants' affirmative defenses.  MTS at 3-4.

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    the Court to impose such a limit, and the Court is not inclined to

2    do so now.

3        Plaintiff's second argument for dismissing the Amended Answer

4    unfolds in two parts: first, that Defendants have impermissibly

5    pled a general denial alongside specific denials, and, second, that

6    this error of form entitles Plaintiff to have Defendants' entire

7    Amended Answer stricken.  MTS at 4-6.  While the first proposition

8    is true, the second is false.

9        Rule 8(b)(3) clearly expresses the intent that parties who

10   wish to deny the allegations of a complaint will choose, as a

11   matter of form, between a general denial, which includes denial of

12   the alleged grounds for jurisdiction, and specific denials.

13   "General denials are technically permissible in federal actions,"

14   but they are "rarely proper because there is almost always

15   something in the complaint that, in good faith, should be admitted:

16   e.g., status of parties, federal jurisdiction, etc." Pentalpha

17   Macau Commercial Offshore, Ltd. v. Reddy, 2005 WL 2562624, at *1

18   (N.D. Cal. 2005).

19       Defendants have improperly pleaded general denials alongside

20   numerous (proper) specific denials.  Nevertheless, the Court does

21   not agree with Plaintiff that this is a mark of bad faith, nor,

22   more pertinently, that the remedy for Defendants' error is to

23   strike their entire pleading.  The Federal Rules embody an approach

24   to pleading which deemphasizes formal niceties in favor of actual

25   notice.  See, e.g., 5 Charles Alan Wright & Arthur R. Miller,

26   Federal Practice and Procedure § 1266 (3d ed. 1998) ("[A]s has been

27   pointed out numerous times in this discussion of pleading under the

28   federal rules, nomenclature and formal matters should not be

6

United States District Court
For the Northern District of California

determinative and the intention of the pleader should be given effect so that a resolution of the merits can be achieved."). Defendants have made their intentions plain enough to put Plaintiff on notice of the basis of their defenses, and it would be "wasteful formality, not supported by the Federal Rules' notice pleading standards," to require Defendants to amend their Answer yet again. Khalek v. San Diego Trolley, Inc., 2007 WL 1381611, at *3 (S.D. Cal. 2007).  The purpose of a 12(f) motion is to avoid rather than increase the expense of unnecessarily litigating picayune issues. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).  Hence, this Court declines to strike the entire Amended Answer.

Read in its entirety, Defendants' Amended Answer makes plain that Defendants admit to having ordered the Program from a third party but deny having shown it in their restaurant.  Defendants say as much in their opposition brief.  See Opp'n at 3.  Plaintiff has been put on sufficient notice of what Defendants admit (that they own a business in Union City, subscribe to DIRECTV, and ordered the Program from DIRECTV) and what they deny (everything else). Moreover, Plaintiff has the opportunity to test Defendants' factual contentions through discovery.

It is readily apparent from the Amended Answer, taken as a whole, that Defendants intended only to generally deny wrongdoing, not to issue a general denial of fact.  Therefore, the Court GRANTS Plaintiff's Motion to Strike the Amended Answer only with respect to the purported general denials in Defendants' Amended Answer and otherwise DENIES the motion.  Defendants' specific denials remain. ///

1    The Court also reminds Defendants' counsel of his Rule 11

2    obligations with respect to factual contentions and admonishes him

3    to observe the formal requirements of Rule 8 in any future

4    pleadings before this Court.

5    **B.   <u>Affirmative Defenses</u>**

6    In the Amended Answer, Defendants reprise their attempts to

7    plead the affirmative defenses of laches and unclean hands.

8    Previously, Defendants, proceeding pro se, pled these defenses

9    simply by invoking their names.  Answer ¶¶ 19, 20.  This Court

10   struck the defenses as insufficiently pled but gave Defendants

11   leave to amend them.  Order at 6-7.  In doing so, the Court

12   observed the lenient pleading standard applied to pro se litigants.

13   <u>Id.</u> at 4.  Defendants are now represented by counsel.  The Court

14   therefore reviews the Amended Answer's pleading of affirmative

15   defenses under generally applicable standards.

16   Unfortunately, Defendants' amended Answer scarcely improves

17   upon the original.  Defendants plead laches by stating that they

18   subscribed to DIRECTV over five years before Plaintiff brought

19   suit.  Am. Answer ¶ 5.  Plaintiff points out that the instant

20   lawsuit does not concern when or whether Defendants subscribed to

21   DIRECTV, but rather whether they unlawfully intercepted and

22   exhibited the Program.  MTS at 7; Reply at 5.  The Court agrees.

23   Previously, Defendants provided no facts to support their laches

24   defense; now, they have provided facts, but the facts do not amount

25   to laches, even when construed in the light most favorable to

26   Defendants.  The timing of Defendants' purchase of DIRECTV service

27   is simply irrelevant and "could have no possible bearing on the

28   subject of the litigation."  <u>Platte Anchor Bolt, Inc. v. IHI, Inc.</u>,

**United States District Court**
For the Northern District of California

1   352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004).  Defendants' laches

2   defense therefore fails as a matter of law.  Accordingly, the Court

3   strikes Defendants' first affirmative defense with prejudice.

4   Defendants are barred from further pleading the affirmative defense

5   of laches.

6       Defendants' affirmative defense of unclean hands fares no

7   better.  Defendants allege that they ordered the Program from a

8   DIRECTV employee who "misled" them into thinking they could order

9   the Program for family viewing.  Am. Answer ¶ 6.  This explains how

10  Defendants came to order the Program but not how Plaintiff acted

11  with unclean hands.  The issue is not whether Defendants ordered

12  the program but whether they unlawfully exhibited it in their

13  restaurant.  Defendants baldly assert that DIRECTV is a sublicensee

14  of Plaintiff and assume that this would render Plaintiff

15  responsible for DIRECTV's acts, but they do not allege how this is

16  so.  Defendants' allegations concerning DIRECTV, as above, are

17  irrelevant.  As this Court explained in its previous Order, if

18  Defendants believe they have a claim against DIRECTV, then they

19  must bring an action against DIRECTV.  Order at 6.

20      Defendants have pled the defense of unclean hands with

21  sufficient supporting facts to put Plaintiff on notice of the basis

22  for the defense, but the basis is inadequate as a matter of law.

23  Accordingly, the Court strikes Defendants' unclean hands defense

24  with prejudice.  Defendants are barred from further pleading the

25  affirmative defense of unclean hands.

26  ///

27  ///

28  ///

**V.    CONCLUSION**

For the foregoing reasons, the Court GRANTS in part and DENIES in part the Motion to Strike filed by Plaintiff J & J Sports Productions, Inc., against Defendants Melinda J. Vizcarra and Ricardo Vizcarra.  The Court STRIKES Defendants' putative general denials WITH PREJUDICE.  Defendants' specific denials remain.  The Court also STRIKES Defendants' affirmative defenses of laches and unclean hands WITH PREJUDICE.

The parties shall appear for a Case Management Conference on February 24, 2012, at 10:00 a.m. in Courtroom 1.


IT IS SO ORDERED.


Dated: January 09, 2012

_____
UNITED STATES DISTRICT JUDGE